SMITH v. MAYOR, ETC., OF NEW YORK, appellants.

*New York city — increasing official salaries — Statutory construction — laws 1860, chap.* 508; 1869, *chap.* 876; 1870, *chap.* 383.

By Laws of 1869, chap. 876, the common council of New York are prohibited from increasing official salaries. Notwithstanding this the salary of police justices was by ordinance increased. *Held,* that such increase being without authority, was not made valid by the Laws of 1870, chap. 383, which authorized the mayor and comptroller to fix the salaries of civil justices at an amount not exceeding the salary then paid police justices, nor was it made so by the circumstance that the legislature of 1870 made an allowance large enough to include the increased salary.

APPEAL from a judgment in favor of plaintiff, Addison P. Smith, in an action tried before the court without a jury. James E. Coulter, the plaintiff's assignor, was elected in December, 1869, a police justice of the city of New York, for six years, from January 1, 1870. He entered upon and performed his duties as such officer up to the time of the commencement of this action. When he entered on his duties his salary had been fixed at $10,000 per annum, and he was paid at that rate up to September, 1871. This action was brought by his assignee to recover the salary from that time. The appellants insist that the salary was fixed by law at half the amount claimed.

The cause was tried before Justice BRADY, without a jury, in December, 1872, who directed judgment in favor of the plaintiff. The other facts appear sufficiently in the opinion.

*John H. Strahan,* for appellants.

*Elbridge T. Gerry,* for respondent.

DANIELS, J. The judgment appealed from was recovered by the plaintiff, as the assignee of James E. Coulter, one of the police justices of the city of New York, whose official term commenced on the 1st day of January, 1870; and it was rendered for the amount unpaid the assignor, at the yearly salary of $10,000, for the year ending on the 1st of September, 1872. The recovery was resisted by the defendant, on the sole ground that the assignor was by law restricted to the salary of $5,000. And whether he was or not is the sole point required to be considered upon the present appeal.

In 1860 certain additional duties were imposed upon the police justices of the city of New York, and for that reason it was then enacted that, "for the additional duties imposed," "the common council or board of supervisors in said city and county" might increase the compensation of those officers. Laws of 1860, chap. 508, § 26. Under this authority the common council of the city advanced the police justices' salary to the sum of $5,000 in the year 1862.

This authority, by the terms of the act, was conferred to meet what was deemed to be a particular exigency, requiring the performance of but one single act. The object was to render the salary adequate, as a compensation, for the services required to perform the increased duties assigned to the officer by the provisions of that statute. Those duties were at once apparent from the terms contained in the law, and it required but one act to adjust the compensation reasonably due for their performance. By that act it was contemplated that the compensation would be rendered reasonably sufficient. And when it was performed, it was undoubtedly supposed by the common council that entire justice had been done in that respect. The object to be accomplished required it should be performed at once — not that partial justice in this respect should be done at one time and the performance of the full duty completed at another. It was not an authority to increase the compensation from time to time, but to adjust it in such a manner as would ren-

der it consonant to the changes then made by the law, and duty to the officer, as well as the plain intent of the law, contemplated but one increase for that purpose. These are matters which have been ordinarily maintained under the authority of the legislature, and no reason exists for supposing that such a change in the system was designed as would allow a complete relinquishment of that authority. The fair import of the act, as well as the purpose designed to be effected by this provision, are opposed to so broad a construction of its terms. In this respect it was similar to the authority conferred upon the commissioners to make an assessment in the case of *Williams* v. *Haines*, 49 N. Y. 587, which was held to be exhausted when that act was performed, although it proved to have been illegally done. Id. 592, 593, and the case of *People* v. *Woodruff*, 32 N. Y. 355, maintains the same construction. By advancing the salary to the sum of $5,000 the authority created by the statute was exhausted, and both the common council and the board of supervisors were from that time powerless for further action in the premises.

After that authority had been exhausted by its appropriate exercise, and in May, 1869, the common council was prohibited from increasing the salaries of persons then in office or their successors, except as provided by acts passed by the legislature. Laws of 1869, chap. 876, § 11.

But, notwithstanding the fact that the authority given by the act of 1860 had been exhausted by the application and use of it, and the prohibition to the contrary contained in the act of May, 1869, the common council did, in December of that year, provide, by resolution, that the police justices' salary should be still further advanced to the rate paid to the city judge, which was $10,000 per year. This seems to have been a plain, unwarrantable usurpation of power, and the act for that reason was utterly void.

In April, 1870, it was enacted that the mayor and comptroller were authorized to fix the salaries of the civil justices of the city at an amount not exceeding the salary then paid to the police justices (Laws of 1870, chap. 383), and from that circumstance this unauthorized increase .in the salary of the police justices is claimed to have been from that time legalized. The argument, though plausible, is not deemed to be sound. The law of 1870 dealt simply with the fact, not with the authority under which it had come into existence. No attention was devoted to the latter circumstance,

neither was the amount paid mentioned or defined; but whatever that might be, whether authorized or not, that was to constitute the limit on the authority to be exercised under its provisions. Upon so grave a matter as the unlawful assumption of official authority, the practice of the legislature is to use plain words when a design exists to ratify or confirm it. The object of this enactment was to confer authority on two of the corporate officers of the city to adjust the salaries of its civil justices; and, according to the terms made use of, that was the only object entertained. To confirm the unauthorized act of the common council of the preceding year required something beyond that; at least some terms indicating the existence of such a purpose. This act contains nothing from which that can be supposed to be within its spirit or design, and for that reason, under well-settled rules of construction, it cannot be comprehended by the law.

Courts are required to construe statutes where no different intention is manifested by their terms, or the subject-matter to which they relate, according to the ordinary and popular meaning of the language in which they are made; and what cannot fairly be maintained to be within the signification of those terms, is not to be deemed to be within the statutes. These laws are made for the public, and are required to be obeyed by its members, and no other rule is consistent with the substantial performance of the duties required to be observed under their provisions. *Newell* v. *People,* 7 N. Y. 9, 97–8; *People* v. *Utica Ins. Co.,* 15 Johns. 358, 380.

Under such a principle of construction no well-supported reason can be found for the conclusion that it was designed by referring in this act to the fact of payment, to sanction and approve the authority on which the payment itself was made. Upon this subject the comments of Judge DAVIES, in the decision of *The People* v. *Woodruff, supra,* are peculiarly wise and appropriate. He there said that "it is a dangerous principle to imply power, when it is not conferred by legislative authority in clear and distinct terms. It is always competent for the legislature to speak clearly and without equivocation, and it is safer for the judicial department to follow the plain intent and obvious meaning of an act rather than to speculate upon what might have been the views of the legislature in the emergency which may have arisen. It is wiser and safer to leave the legislative department to supply a supposed or actual

*casus omissus* than attempt to do it by judicial construction." 32 N. Y. 364.

Another objection to the construction of this statute relied upon in behalf of the plaintiff arises out of the circumstance, that the confirmation of the act of the common council, in advancing the salary in 1869, was an object of a local legislative nature, and as such commonly, if not necessarily, made the subject of special legislative enactment. Certainly, such acts are not usually intended to be confirmed when no expressions indicating the existence of such a design have been allowed to find their way into the law. Something more than a simple reference to the fact unlawfully brought into existence should be required to produce such a confirmation. If more than that be not required, then legislation is beset with risks which, in this rapid age, must often be productive of injurious consequences, both to public and private interests. When such latitude of construction is adopted as requires its support from conjecture and speculation, rather than the import of the terms employed in the law, their administration will be rendered too uncertain to be consistent with the stability of substantial rights. The guide which safety as well as reasonable uniformity requires to be followed is, that which has been already mentioned of construing the laws by the ordinary signification of the terms made use of, without so far refining upon them as to exceed their meaning in order to supply the necessities of some particular case.

The subject is not free from difficulty, as was well remarked by the learned judge before whom the trial was had. But the support supplied by the reference made in the act of 1869, to the fact of payment, is altogether too shadowy in its nature to maintain the legality of the plaintiff's demand.

The additional circumstance, that the legislature in 1870 made the appropriation large enough to include the increase of 1869, in no way improves the plaintiff's case. The same objections exist to the inference that by doing so the legislature intended to confirm the illegal act of the common council, as have already been mentioned in considering the other provision of the statute. If the appropriation had in terms provided that the police justices should be paid the salary of $10,000, the case would be manifestly different from what it now is — an appropriation of a gross sum to pay salaries. The import of such an appropriation is that the officers who are to be paid out of it, are to receive what they have a lawful

right to demand and nothing beyond that. If the appropriation exceeds the sum necessary for that purpose, it does not follow that the officers intended to be paid out of it are entitled to have the excess divided between them.

The judgment should be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff consent within twenty days to reduce the recovery to the amount due at the rate of $5,000 per year, and the allowance made in the same proportion. And in case such consent be given, then the judgment as so modified should be affirmed, without costs of the appeal.

*Judgment accordingly.*